UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00027-JHM

GREGORY R. WEBB                                                                                  PLAINTIFF

V.

MARK CURRY, et al.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or in the alternative, Motion for Extension of Deadlines [DN 60]. For the following reasons, the Defendant's Motion to Dismiss is **DENIED** and the Motion for Extension of Deadlines is **GRANTED**.

### I. BACKGROUND

Plaintiff Gregory Ryan Webb filed multiple lawsuits while incarcerated in the Western District of Kentucky. Back in May 2017, Plaintiff filed a lawsuit claiming that he had received ineffective assistance of counsel. *Webb v. Dep't of Public Advocacy*, 5:17-cv-0081-TBR. Although Judge Russell granted his motion to proceed in forma pauperis, Plaintiff was still required to pay the statutory inmate filing fee of $350 under an installment plan. The Court did an initial screening in which it determined that Plaintiff's ineffective assistance action failed to state a claim upon which relief could be granted and dismissed the lawsuit.

Plaintiff's present lawsuit is related to his first. On February 28, 2018, Plaintiff filed this lawsuit complaining of retaliation after he filed his ineffective assistance lawsuit. According to Plaintiff, he was transferred to a different facility after he complained that his account was being garnished to cover his filing fee for his previously dismissed lawsuit. After a series of amended complaints, this Court did an initial review of this lawsuit and allowed Plaintiff's claim of retaliation to proceed against Defendants Mark Curry, Arthur Maglinger, and Ragan Bennett in

their individual capacities, and his claim of failure-to-protect to proceed against Maglinger and Daviess County, Kentucky. Plaintiff moved for appointment of counsel but his motion was denied so Plaintiff proceeds with this lawsuit *pro se*.

Defendant Curry filed the present motion, asking the Court to dismiss Plaintiff's lawsuit for failure to cooperate in discovery. Specifically, Curry complains that Plaintiff did not respond to the First Set of Interrogatories and Requests for Production of Documents and Plaintiff did not appear for his noticed deposition. In the alternative, Curry asks the court for additional time to complete discovery and depose the Plaintiff. Codefendants Maglinger, Bennett, and Daviess County join in Defendant Curry's Motion. (*See* DN 61). Plaintiff has not responded to this Motion, though he continues to file untimely discovery requests.

## II. STANDARD OF REVIEW

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). "'Prior notice, or the lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Stough*, 138 F.3d at 615).

### III. DISCUSSION

In this case, Plaintiff is at fault for his failure to cooperate in discovery. "As plaintiff is proceeding pro se, the court is not required to determine whether the fault for noncompliance lies with the attorney rather than the client." *Maldonado v. Thomas M. Cooley Law Sch.*, No. 5:01-cv-93, 2002 U.S. Dist. LEXIS 14370, at *6 (W. D. Mich. July 29, 2002) (citing *Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994)). Furthermore, the Defendants have been prejudiced by Plaintiff's noncooperation because it has deprived them entirely of any means to defend themselves before the time for dispositive motions elapsed. However, the last two factors the Court considers weigh in Plaintiff's favor. He has not previously been warned that failure to cooperate in discovery could lead to dismissal and therefore, the Court must first consider less severe sanctions.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Dismissal is **DENIED** and Defendant's Motion for an Extension of Deadlines is **GRANTED**. The parties are granted 90 additional days to complete discovery. **IT IS FURTHER ORDERED that Plaintiff should respond to the Defendants' First Set of Interrogatories and Request for Production of Documents within 21 days from the entry of this Order, and that Plaintiff attend and participate in any deposition noticed by Defendants. Plaintiff is hereby warned that failure to comply with this order WILL RESULT IN DISMISSAL OF THIS ACTION WITH PREJUDICE.**

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record
    Plaintiff, pro se

August 21, 2019

3